## FLOYD WOODS V. THE STATE.

No. 17076.  Delivered December 19, 1934.
Reported in 77 S. W. (2d) 234.

The opinion states the case.

*J. S. Kendall*, of Munday, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, the punishment assessed being two years' confinement in the penitentiary.

No bills of exception appear in the record, the sole contention of appellant being that the evidence is not sufficient to support the conviction.  Some time during the month of May, 1933, the barn of Mr. Edsall was broken into and a saddle was taken therefrom.  An examination made by the sheriff at the premises of Mr. Edsall the next morning after the burglary revealed that there were three sets of tracks leading from a point in the road about one hundred yards from the barn toward the barn, and that also three sets of tracks were found returning to this point in the road where a car appeared to have been parked.

These facts would indicate that three parties were implicated in the burglary and theft of the saddle.  The saddle was recovered by the sheriff on the 7th day of November from one Doc Roberts.  This saddle was delivered to Mr. Edsall who positively identified it as the one which had been stolen from him at the time of the burglary.  The testimony of Joe Barker, who was the brother-in-law of Oran and Floyd Woods, was to the effect that the two parties named, and another by the name of Wayne Womack were staying at Barker's house, and that the three parties left his place in the afternoon and came back some time that night bringing a saddle with them.  The saddle stayed at Barker's place for some time, when this appellant took it away and kept and used it for something like two and a half months, and then returned it to Barker's place.  Later Doc Roberts came with Oran and Floyd Woods and their father to

Barker's place and the saddle was delivered to Doc Roberts, who took it away with him. Barker said he did not know who brought the saddle to his place, but that Oran said it was his saddle.

We have purposely stated the testimony of the non-accomplice witnesses first. To our minds it clearly tends to connect this appellant with the commission of the burglary at the time the saddle was stolen. Doc Roberts, who was charged to be an accomplice witness, testified that in November, 1933, he bought the saddle for fifteen dollars from Oran Woods, who told him at the time not to use the saddle at a certain place as there would be parties who might know the saddle. He testified that Oran did not tell him where he got the saddle, nor who it belonged to but that he had reason to believe at the time he bought it that the saddle had been stolen, and kept it hid out until the officers came and got it.

We think it unnecessary to restate the rules necessary to be complied with in corroborating the testimony of an accomplice witness before a conviction may be sustained. In the present case there seems no doubt as to the sufficiency of the evidence.

The judgment is affirmed.

*Affirmed.*